UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERIDAN PHILLIP HEDRICK,

    Plaintiff,

v.

    Case No. 1:22-cv-308

    Hon. Hala Y. Jarbou

WESTERN MICHIGAN UNIVERSITY, et al.,

    Defendants.
_____/

## ORDER

Plaintiff Sheridan Phillip Hedrick is a former student at Western Michigan University ("WMU"). He brings this action against WMU, its Board of Trustees, its Director of the Office of Student Contact (Nicole Allbee), its Vice President of Student Affairs (Diane Anderson), and its President (Edward Montgomery).

### I. BACKGROUND

Plaintiff alleges in his verified complaint that he was partway through his final year as an undergraduate student at WMU when the school expelled him. In December 2021, he received a letter from WMU notifying him of its decision. The letter stated that he had violated WMU's student code by engaging in conduct that was "[t]hreatening, intimidating, harassing, or coercing[.]" (12/13/2021 Letter, ECF No. 6-1, PageID.108.) He appealed that decision, but Anderson denied his appeal. (1/28/2022 Letter, ECF No. 6-1, PageID.110.)

Plaintiff asserts that WMU disciplined him for distributing a video that he made on his cell phone while off campus. The video depicts him drawing a pistol from his waistband, pointing it at the camera, and saying, "'[O]h hey, how's it going . . . you're done . . . you're done . . . you're done bud." (Compl. ¶ 139, ECF No. 1.) He then picks up a "Smith and Wesson M&P 15 Sport II

semi-automatic rifle" and "sneaks" out of view.  (*Id.* ¶ 141.)  On November 18, 2021, he sent this video to a few acquaintances, some of whom were also students at WMU.  On November 26, 2021, a parent of one of those students allegedly reported the video to WMU.  After holding disciplinary hearings, WMU decided to expel Plaintiff.

Plaintiff contends that Defendants have unlawfully disciplined him for engaging in speech protected by the First Amendment.  He seeks a temporary restraining order ("TRO") and preliminary injunction requiring Defendants to "immediately reinstate" him, allow him to resume school activities, and permit him to complete his diploma.  (Pl.'s Br. in Supp. of Mot. for TRO 32, ECF No. 5.)

## II. STANDARD

Under Rule 65(b) of the Federal Rules of Civil Procedure, the Court may issue a TRO only if the Court finds that "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A).

In addition, the Court considers the following factors when determining whether to grant a TRO:

> (1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a [TRO], (3) whether granting the [TRO] would cause substantial harm to others, and (4) whether the public interest would be served by granting the [TRO].

*Ne. Ohio Coal. for Homeless & Serv. Emps. Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006).

Like a preliminary injunction, a TRO "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'"

2

*Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2948 (2d ed. 1995)).

### III. ANALYSIS

Although Plaintiff asks for a TRO, he does not argue that immediate and irreparable injury will result before Defendants can be heard in opposition. Indeed, Plaintiff brought this action more than three months after his expulsion. As a result, much of the spring semester has already passed. Even if the Court were to order Plaintiff's reinstatement, it is unlikely that he would be able to immediately resume his studies. Consequently, the Court will not issue a TRO without notice and an opportunity to be heard.

Accordingly,

**IT IS ORDERED** that Defendants shall file their response(s) to Plaintiff's motion for a preliminary injunction within twenty-eight days after they are served with a copy of the motion, the complaint, and this Order. *See* W.D. Mich. LCivR 7.2 (describing the requirements for briefing dispositive motions). The Court will consider whether to schedule a hearing after reviewing Defendants' responses.

Dated:   March 31, 2022                                 /s/ Hala Y. Jarbou
                                                        HALA Y. JARBOU
                                                        UNITED STATES DISTRICT JUDGE